National Brass Works, Incorporated v. Commissioner.
National Brass Works v. Commissioner
Docket No. 13434.
United States Tax Court
1949 Tax Ct. Memo LEXIS 233; 8 T.C.M. (CCH) 286; T.C.M. (RIA) 49061; March 24, 1949
*233 Held, amount paid in settlement of alleged violation of Maximum Price Regulations of the Office of Price Administration is not an ordinary and necessary business expense of taxpayer's business. Donald C. McGovern, Esq., 433 So. Spring St., Los Angeles, Calif., for the petitioner. H. A. Melville, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency in petitioner's income tax liability for the year 1944 in the amount of $2,911.85. Petitioner alleges (1) that respondent erred in disallowing a deduction as business expense of the sum of $13,071.08 paid in settlement of alleged violation of Maximum Price Regulations of the Office of Price Administration, and (2) in failing to allow the amount of $13,071.08 as additional *234 cost of goods sold. On brief petitioner abandons the second allegation and contends that the payment should be allowed as a reduction or adjustment of sales income. The case was submitted on stipulation of facts, which we adopt in toto as our findings of fact, the pertinent parts of which are as follows: [The Facts] Petitioner is a corporation which filed its Federal tax returns for the calendar year 1944 with the collector of internal revenue for the sixth district of California at Los Angeles, California. Petitioner keeps its books and records and files its Federal tax returns on the accrual basis. The tax in controversy is income tax for the calendar year 1944 in the amount of $2,911.85, which represents the deficiency determined by respondent. During the period involved, petitioner was engaged in the business of making and selling non-ferrous castings of brass and bronze alloy. Under the Emergency Price Control Act of 1942 (Public Law 421, 77th Congress, 2nd Session), approved January 30, 1942, the Office of Price Administration was empowered to regulate the selling prices of certain products, including non-ferrous castings and the brass and bronze alloy ingots *235 from which said castings are made. The Office of Price Administration promulgated Price Regulation 202, dated August 13, 1942, effective August 19, 1942, which regulated the selling prices of brass and bronze alloy ingots and provided, in part, as follows: "Sec. 1309.151. On and after August 10, 1942, regardless of any contract * * * no person shall sell * * * at a price higher than the maximum price established * * *." Said Regulation 202 further provided: "Sec. 1309.165 - Appendix A. Maximum prices herein established for brass and bronze alloy ingot. (a) Delivery charges. The maximum prices herein established for brass and bronze alloy ingot include transportation costs to any destination within the continental United States, not exceeding 25 cents per hundred weight. Actual transportation costs in excess of those so included may be charged to, and paid by, the buyer." A schedule of maximum prices for various classifications of brass and bronze alloy ingots is thereafter set forth in the said Regulation 202. Petitioner, at all times material hereto, purchased its requirements of brass and bronze alloy ingots from H. Kramer & Co., Chicago, Illinois. The Office of Price *236 Administration promulgated Revised Maximum Price Regulation 125 (hereinafter referred to as RMPR, 125), dated January 27, 1943, effective February 1, 1943, which established maximum selling prices of non-ferrous foundry products. Said RMPR 125 reduced petitioner's maximum selling prices one and one-half cents per pound for the castings involved herein effective February 1, 1943. Petitioner was furnished a copy of said RMPR 125 and was aware of its provisions. Petitioner did not reduce its prices to its customers as required by said RMPR 125. Two O.P.A. investigators appeared at petitioner's office in the spring of 1944 and examined its books. As a result of said examination, the O.P.A. alleged that petitioner had violated RMPR 125. In order to settle the O.P.A. claim, the petitioner issued its check, dated July 14, 1944, made payable to the order of the Treasurer of the United States in the amount of $13,071.08, and was given a receipt therefor reading as follows: "RECEIPT "Received this 17th day of July, 1944 check No. 3539-E dated 7/14/44 in the sum of $13,071.08, payable to the Treasurer of United States, from National Brass Works, Inc., of Los Angeles, California, in *237 settlement of the Administrator's Claim for treble damages on account of violations of ceiling prices for non-ferrous castings under RMPR 125. "(Signed) Wm. H. Buckingham "Enforcement Attorney." In 1944 petitioner accrued on its books said $13,071.08 as a business expense and deducted said sum in computing its income for Federal income tax purposes. The respondent, in his statutory notice of deficiency, disallowed said deduction with the following explanation: "(a) It is held that an item in the amount of $13,071.08, representing 'Settlement of administrator's claim for treble damages on account of violation of ceiling prices', and deducted by you in your income tax return for the taxable year 1944, is not deductible from gross income within the meaning of section 23 (a) or (f) of the Internal Revenue Code." The aforesaid disallowance by respondent gave rise to the instant appeal, and the allowability thereof is the only issue involved herein. The said $13,071.08 was based upon sales made by petitioner, at prices in excess of the maximum prices established under RMPR 125, which sales were made during the period February 1, 1943 to January 31, 1944, to customers who bought *238 the castings for use or consumption in the course of their trade or business within the meaning of section 205 (e) of the Emergency Price Control Act of 1942. We make the following ultimate findings of fact: The payment of $13,071.08 which was made to the O.P.A. in compromise of the Administrator's claim for treble damages was not an ordinary and necessary business expense of the petitioner within the meaning of section 23 (a) (1) (A), I.R.C.
[Opinion] Petitioner concedes on brief that this Court has decided three cases on comparable facts adversely to petitioner's position. These cases are: Scioto Provision Company, 9 T.C. 439; Garibaldi & Cuneo, 9 T.C. 446, and Jerry Rossman Corporation, 10 T.C. 468. No arguments not heretofore fully considered by the Court in the above cited cases are presented by petitioner's brief. We adhere to the decisions in those cases and hold that respondent did not err in disallowing the claimed business expense. We see no merit in petitioner's alternate contentions. Decision will be entered for the respondent.